IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| SAMUEL HANNIS | ) |
| | ) |
| Plaintiff | ) |
| | ) CIVIL ACTION FILE NUMBER |
| v. | ) |
| | ) 1:25-cv-01297-JDB-jay |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA AND SPEYSIDE BOURBON COOPERAGE, INC. | ) ) ) ) |
| | ) |
| Defendant | ) |

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant The Guardian Life Insurance Company of America ("Guardian") submits this Motion to Dismiss Plaintiff's Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) ("Guardian's Motion"), showing the Court the following:

1. This action was commenced on June 20, 2025, in the Chancery Court of Hardeman County, Tennessee. (Doc. 1-1).

2. Guardian timely removed the case to this Court based on federal question jurisdiction because the Complaint seeks group accident benefits under an employee welfare benefit plan ("the Plan") which is sponsored and maintained by Speyside Bourbon Cooperage, Inc. ("Speyside") and governed by the Employee

Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.* (Doc. 1, p. 2).

3. Group accident benefits under the Plan are funded by Group Policy No. G-00024354 ("the Group Policy") issued by Guardian to Speyside. (*Id.*)

4. Plaintiff's Complaint alleges only state law claims for declaratory judgment of Plaintiff's rights under the Group Policy under Tenn Code Ann. § 29-14-103, and for bad faith failure to pay accident benefits pursuant to Tenn. Code Ann. § 56-7-109. (Doc. 1-1, at pp. 8-9, ¶¶ 18-21, 23-24, and Request for Relief).

5. Both of these purported causes of action fail to state a plausible claim against Guardian because they are state law claims which are preempted by ERISA.

6. Accordingly, Plaintiff's claim for bad faith under Tenn. Code Ann. § 56-7-109 must be dismissed with prejudice as preempted by ERISA. Plaintiff's claim for a declaration of his rights under Tenn Code Ann. § 29-14-103 should be dismissed without prejudice and with leave to plead a claim for benefits under 29 U.S.C. § 1132(a)(1)(B).

7. Moreover, should the Court determine that Plaintiff's failure to exhaust administrative remedies is apparent from the face of the Complaint, any claim for benefits under 29 U.S.C. § 1132(a)(1)(B) should be dismissed with prejudice as well.

8. In support of Guardian's Motion, Guardian tenders and relies on the following:

(a) **Exhibit A** – Certificate of Coverage for the Group Policy;

(b) All pleadings and documents of record; and

(c) Its brief in support filed herewith.

WHEREFORE, Guardian respectfully requests that Guardian's Motion be granted.

This 27th day of January, 2026.

s/ *Nikole M. Crow*
Nikole M. Crow
Georgia Bar No. 198359
(*Admitted TNWD March 3, 2022*)

WOMBLE BOND DICKINSON (US) LLP
1331 Spring Street, N.W., Suite 1400
Atlanta, Georgia 30309
(404) 872-7000 (telephone)
(404) 888-7490 (facsimile)
nikole.crow@wbd-us.com

Attorney for The Guardian Life
Insurance Company of America

## **CERTIFICATE OF SERVICE**

This is to certify the foregoing was filed using the CM/ECF system which will automatically give notice by electronic means to all attorneys of record.

This 27th day of January 2026.

s/ *Nikole M. Crow*
Nikole M. Crow
Georgia Bar No. 198359
(*Admitted TNWD March 3, 2022*)
